UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KEITH WHITE,                                           Case No. 1:22-cv-04800 (JLR)

                Plaintiff,                  AMENDED VERIFIED
                                                       COMPLAINT
  – against –

ADP, INC.,

                Defendant.

------------------------------------------------------------------------x

      Plaintiff Keith White ("Plaintiff" or "White"), by and through his attorneys, Wrobel Markham LLP, as and for his Amended Verified Complaint against Defendant ADP, Inc. ("Defendant" or "ADP") (formerly sued herein as Automatic Data Processing, Inc.), alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff is a former employee of Defendant. By offer letter dated March 31, 2015, Plaintiff joined Defendant on or around April 6, 2015 as an Operational Risk Program Manager, working for Defendant full-time from his home in Manhattan, New York. Plaintiff was the only Black employee of ADP's Risk and Controls Group (the "Group"), and Plaintiff was also the oldest employee of the Group. Despite Plaintiff's stellar performance ratings and high caliber of work during the four years he was employed with Defendant, Defendant continuously passed Plaintiff over for promotions in favor of younger and non-Black employees. In fact, in October 2018, Defendant's Vice President of Global Integrated Risk Operations at the time, Trina Ford

("Ford"), went so far as to install a younger and non-Black employee lacking any formal training into a position managing Plaintiff, rather than promoting Plaintiff into that management role.

2. Ford even arbitrarily changed Plaintiff's schedule to force him to drive to Roseland, New Jersey from Manhattan, New York—a burden which Ford did not impose upon Plaintiff's younger and non-Black co-workers who lived in New Jersey.

3. As detailed below, Defendant perpetuated this pattern of discriminatory behavior towards Plaintiff until Plaintiff was terminated on May 7, 2019 in yet another demonstration of Defendant's blatant discriminatory treatment of Plaintiff, as he was the only employee terminated.

4. Defendant's discriminatory actions affected the terms, conditions, and privileges of Plaintiff's employment in Manhattan, and Plaintiff felt the impact of Defendant's discriminatory actions in Manhattan.

5. Accordingly, Plaintiff seeks monetary damages as redress for Defendant's unlawful and discriminatory employment practices in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"), the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"), and the Civil Rights Act of 1866 (42 U.S.C. § 1981) ("Section 1981").

**ADMINISTRATIVE PROCEDURES**

6. Prior to the removal of this action to this Court, Plaintiff commenced this action by filing his Verified Complaint in the Supreme Court of the State of New York, County of New York on May 5, 2022.

7. Pursuant to NYCHRL § 8-502, Plaintiff served a copy of his Verified Complaint upon the New York City Commission on Human Rights and the New York City Law

Department, Office of the Corporation Counsel on May 10, 2022, within ten (10) days of its filing in the Supreme Court of the State of New York, County of New York, thereby satisfying the notice requirements of this action.

8.      Plaintiff has complied with any and all other prerequisites to filing this action.

## JURISDICTION AND VENUE

9.      On June 8, 2022, Defendant removed this action to this Court from the Supreme Court of the State of New York, County of New York.

10.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

11.     The Court additionally has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Section 1981 claim arises under federal law.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1441(a) because this Court is the district court of the United States for the district and division embracing the place where Plaintiff commenced the action.

## PARTIES

13.     At all relevant times herein, Plaintiff was employed by Defendant as an Operational Risk Program Manager.  At all relevant times herein, Plaintiff met the definition of an "employee" under all relevant statutes throughout his employment with Defendant.  At all relevant times herein, Plaintiff was a resident of Manhattan, New York.  At all relevant times herein, Plaintiff was employed by Defendant in Manhattan.

14. Upon information and belief, Defendant is a Delaware corporation that is authorized to conduct business in the State of New York. At all relevant times, Defendant was and is an "employer" under all relevant statutes.

## FACTUAL ALLEGATIONS

15. Defendant is a provider of payroll services to employers.

16. By offer letter dated March 31, 2015, Plaintiff joined Defendant on or around April 6, 2015 as an Operational Risk Program Manager in the Group. His portfolio included the largest and most critical ADP systems.

17. Defendant employed Plaintiff to work remotely full-time from his home in Manhattan, and Plaintiff worked full-time from Manhattan from the very start of his employment until April 2018.

18. While working for Defendant full-time from his home in Manhattan, Plaintiff had daily contact with Defendant via telephone, e-mail, and other means, in connection with his employment.

19. Plaintiff also remotely reported to Defendant from Manhattan on a regular basis via telephone, e-mail, and other means, in connection with his employment.

20. Defendant facilitated Plaintiff's work for Defendant in Manhattan by providing him a company laptop to use remotely in connection with his employment.

21. Plaintiff also attended virtual meetings from Manhattan in connection with his employment.

22. Plaintiff was employed by Defendant for approximately four years. During that time, Plaintiff's performance ratings "exceeded expectations" and were the highest in the Group. Moreover, Plaintiff was the only member of the Group who had completed Master's level work

in Risk and Security as a participant in the ADP-provided employee tuition assistance program. The degree program was agreed with his manager and referenced in his performance reviews.

23. Plaintiff was terminated without cause on May 7, 2019.

24. Plaintiff was the only Black employee in the Group and he was the only employee terminated.

25. At 59 years old, Plaintiff was also the oldest person in the Group.

26. Upon information and belief, after Plaintiff's termination, the work Plaintiff had been doing was taken over by younger and non-Black associates.

27. A pattern of discriminatory behavior against Plaintiff commenced in or around June 2018 when Ford was put in charge of the Group.

28. In October 2018, Defendant installed a younger and non-Black employee with no formal training in Risk and Controls over Plaintiff to manage him rather than promote Plaintiff into that management role.

29. Younger and non-Black associates of the Group were promoted to Director or hired at that level, and Plaintiff was continuously passed over.

30. Ford in fact tried to coerce Plaintiff's resignation in December 2018 by trying to interfere with Plaintiff spending the holidays with his family.

31. In January 2019, the substantive work Plaintiff was doing was taken from him and given to younger and non-Black associates.

32. In April 2018, Ford also arbitrarily changed Plaintiff's schedule to compel him to drive to Roseland, New Jersey three times per week from Manhattan, New York, while younger

and non-Black employees who lived in New Jersey were "home-shored" and did not have to commute to the office.

33. Prior to Ford and Defendant compelling Plaintiff to commute to Roseland, Plaintiff worked full-time for Defendant from his home in Manhattan and did not regularly commute to Roseland.

34. By illegally terminating Plaintiff, Defendant has prevented Plaintiff from collecting retention and annual bonuses, receiving tuition reimbursement, and continuing his employment with the expectation, based on his reviews, that Plaintiff would be promoted to Director and eventually Vice President with commensurate salary increases until retirement. The suddenness of the separation without any severance at all caused Plaintiff to take tens of thousands of dollars from retirement accounts to meet personal expenses and pay taxes. Defendant also confiscated a personal iPhone and graduate school notebook by force from Plaintiff who asks for the return of his personal items.

35. Upon information and belief, subsequent to Plaintiff's termination, Defendant terminated Ford, in part because of Ford's improper actions towards Plaintiff.

36. At all relevant times herein, Plaintiff was qualified for the employment position from which he was wrongfully terminated.

## FIRST CAUSE OF ACTION

### (*Race Discrimination in Violation of the NYSHRL*)

37. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. By the actions and conduct described above, among others, Defendant has discriminated against Plaintiff on the basis of his race in violation of the NYSHRL by denying

Plaintiff equal terms and conditions of employment available to its similarly-situated white employees, including, but not limited to, subjecting Plaintiff to disparate treatment and terminating his employment.

39. Defendant's discriminatory actions affected the terms, conditions, and privileges of Plaintiff's employment at his workplace in Manhattan, New York.

40. Plaintiff felt the impact of Defendant's discriminatory actions in Manhattan, New York.

41. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past income, future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

42. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, a severe blow to his dignity and business reputation causing him extreme mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

43. The unlawful and discriminatory actions of Defendant were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**

(*Race Discrimination in Violation of the NYCHRL*)

44. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of his race in violation of the NYCHRL by denying Plaintiff equal terms and conditions of employment available to its similarly-situated white and non-Black employees, including, but not limited to, subjecting Plaintiff to disparate treatment and terminating his employment.

46. Defendant's discriminatory actions affected the terms, conditions, and privileges of Plaintiff's employment at his workplace in Manhattan, New York.

47. Plaintiff felt the impact of Defendant's discriminatory actions in Manhattan, New York.

48. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past income, future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, a severe blow to his dignity and business reputation causing him extreme mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

50. The unlawful and discriminatory actions of Defendant were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## **THIRD CAUSE OF ACTION**

### (*Age Discrimination in Violation of the NYSHRL*)

51. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 50 above as if fully set forth herein.

52. By the actions and conduct described above, among others, Defendant has discriminated against Plaintiff on the basis of his age in violation of the NYSHRL by denying Plaintiff equal terms and conditions of employment available to its similarly-situated younger employees, including, but not limited to, subjecting Plaintiff to disparate treatment and terminating his employment.

53. Defendant's discriminatory actions affected the terms, conditions, and privileges of Plaintiff's employment at his workplace in Manhattan, New York.

54. Plaintiff felt the impact of Defendant's discriminatory actions in Manhattan, New York.

55. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past income, future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

56. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, a severe blow to his dignity and business reputation causing him extreme mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

57. The unlawful and discriminatory actions of Defendant were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### (*Age Discrimination in Violation of the NYCHRL*)

58. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of his age in violation of the NYCHRL by denying Plaintiff equal terms and conditions of employment available to its similarly-situated younger employees, including, but not limited to, subjecting Plaintiff to disparate treatment and terminating his employment.

60. Defendant's discriminatory actions affected the terms, conditions, and privileges of Plaintiff's employment at his workplace in Manhattan, New York.

61. Plaintiff felt the impact of Defendant's discriminatory actions in Manhattan, New York.

62. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past income, future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

63. As a direct and proximate result of the unlawful discriminatory conduct of

Defendant in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, a severe blow to his dignity and business reputation causing him extreme mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

64. The unlawful and discriminatory actions of Defendant were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## FIFTH CAUSE OF ACTION

### (*Race Discrimination in Violation of Section 1981*)

65. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

66. By the actions described above, among others, Defendant has intentionally discriminated against Plaintiff on the basis of his race in violation of Section 1981 by denying Plaintiff the equal right to make and enforce contracts as is enjoyed by white citizens, including the making, performance, modification, and termination of contracts, and enjoyment of all benefits, privileges, terms, and conditions of the contractual relations.

67. Defendant's unlawful and discriminatory actions were purposefully discriminatory and racially motivated.

68. But for Plaintiff's race, Plaintiff would not have suffered the loss of a legally protected right.

69. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of the Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past income, future

income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

70. As a direct and proximate result of the unlawful discriminatory conduct of Defendant in violation of Section 1981, Plaintiff has suffered, and continues to suffer, a severe blow to his dignity and business reputation causing him extreme mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

71. The unlawful and discriminatory actions of Defendant were intentional, done with malice, and showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and grant him the following relief:

(a) An award of damages against Defendant in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages;

(b) An award of damages against Defendant in an amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe emotional and psychological trauma and physical distress;

(c) An award of punitive damages against Defendant in an amount to be determined at trial;

(d) Prejudgment interest on all amounts due;

(e) An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

(f) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

New York, New York
October 12, 2022

                                              WROBEL MARKHAM LLP

By: *Daniel F. Markham*
                                              Daniel F. Markham
                                              1407 Broadway, Suite 4002
                                              New York, New York 10018
                                              Tel: (212) 421-8100
                                              *Attorneys for Plaintiff Keith White*

## Verification

State of New York     )
                      ) ss.
County of New York    )

KEITH WHITE being duly sworn, deposes and says:

I am the Plaintiff in the above-captioned action. I have read the foregoing AMENDED VERIFIED COMPLAINT and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Keith White

Sworn to before me this
12th day of October 2022

_____
Notary Public

Jodie Gerard
Notary Public, State of New York
Reg. No. 02GE6388250
Qualified in New York County
Commission Expires March 4, 2023