UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEITH WHITE,

                              Plaintiff,

            -against-

AUTOMATIC DATA PROCESSING, INC.,

                              Defendant.

---

1:22-cv-04800 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Keith White ("White" or "Plaintiff") brings this action against his former employer,

Automatic Data Processing, Inc. ("ADP" or "Defendant"), alleging discrimination in violation of

the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"), the New

York City Human Rights Law, N.Y. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"), and the Civil

Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").  On March 31, 2023, Plaintiff filed a

motion for leave to file a Second Amended Complaint, seeking to add additional factual

allegations and assert retaliation claims under the NYSHRL, NYCHRL, and Section 1981.  For

the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND[1]

    White was employed as an Operational Risk Program Manager in ADP's Risk and

Controls Group ("Group") from April 2015 through May 2019.  PSAC ¶¶ 13, 16, 23.  At the

---

[1] For purposes of this motion, the Court assumes the truth of the factual allegations in Plaintiff's
Proposed Second Amended Complaint.  *See Blagman v. Apple, Inc.*, 307 F.R.D. 107, 117
(S.D.N.Y. 2015); *see also IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal
Bank of Scot. Grp.*, 783 F.3d 383, 387 (2d Cir. 2015).  Relevant filings include Plaintiff's
Complaint, ECF No. 1 ("Complaint" or "Compl."); Plaintiff's Amended Complaint, ECF No. 20
("Amended Complaint" or "AC"); Plaintiff's Memorandum of Law in Support of his Motion for
Leave to Amend, ECF No. 39 ("Br."); Plaintiff's Proposed Second Amended Complaint, ECF

time his employment was terminated, Plaintiff was the only black employee and the oldest

employee in the Group. *Id*. ¶¶ 23-25.  ADP is a provider of payroll services. *Id*. ¶ 15.

Both the PSAC and Plaintiff's earlier pleadings allege the following factual allegations.

From the start of his employment until approximately 2018, White received the highest

performance ratings of any employee in the Group. PSAC ¶ 22.  In June 2018, ADP elevated

Trina Ford ("Ford") to Vice President of Global Integrated Risk Operations. *Id*. ¶¶ 1, 31.  In

October 2018, ADP passed over White for a management position and instead hired a younger,

non-black employee with no formal training in the Group. *Id*. ¶ 32.  ADP promoted and hired

younger and non-black associates in the Group to the level of Director, yet did not promote

White to that rank. *Id*. ¶ 33.  In December 2018, Ford interfered with White's plans to spend the

holidays with his family. *Id*. ¶ 34.  In January 2019, ADP reassigned White's substantive work

to younger and non-black associates. *Id*. ¶ 35.  In April 2019, Ford altered White's work

arrangement by requiring him to commute to Roseland, New Jersey three times per week, while

younger and non-black associates who lived in New Jersey were not required to do so. *Id*.[2]

¶¶ 36-37.  ADP terminated White's employment on May 7, 2019. *Id*. ¶ 23.  ADP confiscated a

personal phone and notebook from White at the time of his termination and did not provide

White any severance benefits. *Id*. ¶ 38.  Upon information and belief, ADP subsequently

terminated Ford's employment due, in part, to her conduct with respect to White. *Id*. ¶ 39.

---

No. 40-1 ("Proposed Second Amended Complaint" or "PSAC"); Defendant's Memorandum of
Law in Opposition, ECF No. 41 ("Opp."); and Plaintiff's Reply, ECF No. 42 ("Reply").

[2] The PSAC alleges that Ford altered White's work arrangement in "April 2018," but the
chronological presentation of alleged facts in the PSAC suggests that date contains a typo and
should be April *2019*.  PSAC ¶ 32.  Regardless, whether the date is 2018 or 2019 does not
impact the Court's resolution of the instant motion.

The PSAC alleges the following additional facts from 2016.  In or around 2016, White learned that ADP employee Marta Palanques ("Palanques") prevented White's work from reaching Roland Cloutier ("Cloutier"), ADP's then Chief Information Security Officer.  *Id*. ¶ 27. Palanques did not similarly impede the work of White's younger and non-black coworkers from reaching Cloutier.  *Id*.  White discussed this issue with Robert Gasten ("Gasten"), ADP's then Vice President of Operational Risk Management, who advised White to file a workplace bias complaint.  *Id*. ¶ 28.  White thereafter filed a complaint and provided evidence to a mediator assigned to his complaint.  *Id*.  The mediator interviewed White, Palanques, Gasten, and another ADP employee, and made findings of fact (the outcome of which the PSAC does not allege).  *Id*. ¶ 29.  As alleged in Plaintiff's earlier pleadings and set forth above, ADP subsequently passed over White for promotions, forced him to commute to the Roseland office, and ultimately terminated his employment in 2019.  *Id*. ¶ 30.

White commenced this action in New York state court on May 5, 2022, asserting age and race discrimination claims under the NYSHRL and NYCHRL.  *See* Compl.  Defendant removed the case to this Court on June 8, 2022.  White filed the AC on October 13, 2022, adding age and race discrimination claims under Section 1981.  *See* AC.  In January 2023, the parties participated in mediation.  The Court entered a Civil Case Management Plan and Scheduling Order on March 3, 2023, which set a March 31, 2023 deadline to file any motions for leave to amend.  ECF No. 36.

On March 31, 2023, Plaintiff filed the instant motion for leave to file the PSAC.  ECF No. 38; *see* Br.  The PSAC adds retaliation claims under the NYSHRL, the NYCHRL, and Section 1981, along with the factual allegations from 2016 to support those claims.  *See* PSAC.

On April 7, 2023, Defendant opposed the motion.  *See* Opp.  Plaintiff filed his reply on April 14, 2023.  *See* Reply.  Plaintiff's motion is therefore fully briefed and presently before the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires."  However, "it is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Motions for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."  *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002).

Under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)).  The Court draws all reasonable inferences in the plaintiff's favor, and accepts as true all non-conclusory allegations of fact.  *Id*.  However, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are 'merely consistent with' a defendant's liability."  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Defendant argues that Plaintiff's proposed amendments are futile because (i) the NYCHRL and NYSHRL retaliation claims are time-barred, and (ii) the NYCHRL, NYSHRL, and Section 1981 retaliation claims all lack causation. *See* Opp. at 1. Plaintiff contends that the proposed NYCHRL and NYSHRL retaliation claims should be considered timely because they "relate back" to his initial Complaint, and that the PSAC adequately pleads causation. *See* Reply; *see also* Br. The Court concludes that amendment is futile because Plaintiff's city and state retaliation claims are untimely and the PSAC does not plead causation with respect to any of the retaliation claims.

I.   **Timeliness**

The parties do not dispute that the proposed Section 1981 retaliation claim is timely under the applicable four-year statute of limitations. The parties also do not dispute that the proposed NYCHRL and NYSHRL retaliation claims are untimely unless an exception to the applicable statute of limitations applies. This is because claims under the NYCHRL and NYSHRL are subject to a three-year statute of limitations, and the latest alleged retaliatory conduct – the termination of Plaintiff's employment – occurred more than three years ago on May 7, 2019. PSAC ¶ 23; *see also Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (stating that three-year statute of limitations applies to NYCHRL and NYSHRL claims). Notwithstanding the statute of limitations, Plaintiff argues that the proposed NYCHRL and NYSHRL retaliation claims should be considered timely because they "relate back" to his original Complaint. *See* Reply at 3-5.

Rule 15(c)(1)(B) provides that a claim asserted in an amended pleading "relates back to the original pleading" if it "arose out of the conduct, transaction, or occurrence set out – or

attempted to be set out – in the original pleading."  A claim also relates back if "relation back is permitted by the law that provides the statute of limitations applicable to the action."  Rule 15(c)(1)(A).  Under New York law, which provides the applicable statute of limitations here, a claim relates back if the original pleading gave "notice of the transactions, occurrences, or series of transactions or occurrences" in the amended pleading.  N.Y. C.P.L.R. § 203(f).  Despite the slight variations in language, courts have construed Rule 15(c)(1)(B) and Section 203(f) similarly.  *See, e.g.*, *Kitrosser v. CIT Grp./Factoring*, 177 B.R. 458, 474 (S.D.N.Y. 1995) ("Although there are minor differences in the language between Rule 15(c)[(1)(B)] and Section 203(f), courts have not focus[]ed on any distinction and have typically cited both rules and applied the federal rule."); *Best v. Bell*, No. 13-cv-00163 (JPO), 2014 WL 1316773, at *10 (S.D.N.Y. Mar. 28, 2014) (finding "the New York and federal standards . . . nearly identical").

Plaintiff's proposed NYCHRL and NYSHRL retaliation claims do not relate back because they arise from different conduct, transactions, or occurrences than the discrimination claims alleged in the initial Complaint.  The proposed amendments are based on conduct that allegedly occurred in 2016, involving Palanques, Cloutier, Gasten, a fourth unnamed ADP employee, and an unnamed mediator.  *See* PSAC ¶¶ 27-29.  In contrast, the initial Complaint contained no allegations based on conduct in 2016.  Nor did the Complaint contain any reference to Palanques, Cloutier, Gasten, the unnamed ADP employee, or the unnamed mediator.  Instead, the initial Complaint focused on alleged acts that took place years later in 2018 and 2019.  *See generally* Compl.  The only facts alleged in the Complaint from before 2018 were Plaintiff's receipt of his employment offer letter and onboarding in 2015.  *Id*. ¶ 16.  Simply put, the proposed amendments assert new claims based on new allegations, newly discussed individuals, and a different time period.

Courts have repeatedly held that proposed amendments do not relate back where, like here, they rest on different allegations than the earlier pleading.  In *Nettis v. Levitt*, the Second Circuit held that the plaintiff's proposed theory of retaliation did not relate back to her original complaint because, although "both sets of claims concern the same ultimate event: Levitt's decision to fire Nettis," "the proposed amendment alleged retaliation based on an entirely distinct set of protected employee activity."  241 F.3d 186, 193 (2d Cir. 2001), *overruled in part by Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006) (reiterating holding in *Nettis* that, "even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back").  Similarly, in *Parker v. Israel Discount Bank of New York, Inc.*, the court held that the plaintiff's proposed discrimination claims did not relate back "because they [were] based on newly alleged conduct, for the most part by newly discussed individuals."  No. 21-cv-07196 (VEC), 2022 WL 16833626, at *4 (S.D.N.Y. Nov. 9, 2022); *see also Morency v. NYU Langone Med. Ctr. Hosp.*, No. 15-cv-09142 (NRB), 2017 WL 1536057, at *3 (S.D.N.Y. Apr. 17, 2017), *aff'd sub nom. Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75 (2d Cir. 2018) (proposed amendments did not relate back because they rested on alleged protected activity from a different time period than alleged in the original complaint); *Brown v. Vail-Ballou Press Inc.*, 188 A.D.2d 972, 973 (3d Dep't 1992*)* (proposed retaliation claims did not relate back because they were "based upon a different theory and different facts from those which appear in the earlier claim of age discrimination").  Plaintiff's proposed amendments similarly rest on different conduct than the original complaint and, therefore, do not relate back.

None of Plaintiff's cited cases support his motion.  *See* Reply at 3-5.  Plaintiff cites *Kitrosser v. CIT Grp./Factoring*, in which the court *denied* leave to amend because it found the

proposed change to one paragraph in the pleadings "inserted a transaction entirely absent from the original complaint" and changed "the time frame of the events at issue."  177 B.R. at 475. *Kitrosser*, therefore, supports the Court's conclusion that Plaintiff's proposed amendments do not relate back and leave to amend should be denied.  *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397-98 (E.D.N.Y. 1998), on which Plaintiff relies, is a fair debt collection case, and unlike here, the plaintiff there sought to amend the class of plaintiffs while alleging "the same conduct" in the original and proposed pleadings.  Finally, Plaintiff cites *O'Halloran v. Metro. Transp. Auth.*, 154 A.D.3d 83, 88 (1st Dep't 2017), where, unlike here, the amended complaint asserted "another *reason*" for liability but all of its allegations "occurred on the same dates and in the same instances as alleged in the original complaint."

Accordingly, because the proposed amendments arise from allegations entirely absent from the Complaint, and for which the Complaint therefore provided no notice to ADP, the PSAC does not relate back.  Plaintiff's proposed NYCHRL and NYSHRL retaliation claims are therefore time-barred and addition of those claims would be futile.  *See Nettis*, 241 F.3d at 193 (affirming denial of leave to amend because claims which did not relate back were time-barred).

## II. Causation

Defendant further argues that Plaintiff's proposed NYCHRL, NYSHRL, and Section 1981 retaliation claims are futile because there is a 40-month gap between Plaintiff's alleged "complaint" of discrimination in January 2016 and his termination in May 2019.  Opp. at 3. Plaintiff does not dispute that this 40-month gap exists nor identify any other basis for inferring a causal link.  *See generally* Reply.  Instead, Plaintiff argues that the existence of a temporal gap cannot defeat a retaliation claim on a motion to dismiss.  *Id*. at 6-8.

To plead a retaliation claim, a plaintiff must allege "a 'causal link' between the protected activity and the retaliatory act." *Gonzalez v. City of N.Y.*, 377 F. Supp. 3d 273, 301 (S.D.N.Y. 2019) (stating pleading standard for NYCHRL retaliation claim); *see McDowell v. N. Shore-Long Island Jewish Health Sys.*, 788 F. Supp. 2d 78, 81-82 (E.D.N.Y. 2011) (same for Section 1981 retaliation claim); *see Farooq v. City of New York*, No. 20-3185, 2022 WL 793117, at *4 (2d Cir. Mar. 16, 2022) (affirming dismissal of Section 1981, NYCHRL, and NYSHRL retaliation claims because the complaint did not, as it must, "plausibly plead causation, i.e., 'a connection between the act and [the plaintiff's] engagement in protected activity'" (internal citation omitted)).  Contrary to Plaintiff's contention, courts frequently dismiss retaliation claims at the pleading stage where there is a temporal gap and the allegations do not otherwise support an inference of causation.  *See, e.g.*, *Nadel v. Shinseki*, 57 F. Supp. 3d 288, 299 (S.D.N.Y. 2014) (granting motion to dismiss and noting that "courts in this Circuit have often found that a temporal gap of approximately three months between the protected activity and the adverse action, without more, prohibits an inference of causation").

The Court concludes that the temporal gap alleged in the PSAC is insufficient, without more, to allege a causal connection for Plaintiff's proposed retaliation claims.  Defendant avers, and Plaintiff does not dispute, that the PSAC alleges that 40 months – over three years – passed between Plaintiff's alleged protected activity in 2016 and his termination in May 2019.  Opp. at 3.  Even if the Court looks to Plaintiff's alleged non-promotion in October 2018 instead of his termination, and assumes that Plaintiff's protected activity occurred as late as December 2016, there would be a 22-month temporal gap.  *See* PSAC ¶¶ 27, 32.  The PSAC does not allege any facts from which the Court could infer a causal connection during this time.  Therefore, Plaintiff has failed to raise a plausible inference that the alleged retaliatory conduct occurred as a result of

his protected activity. *See, e.g.*, *Nadel*, 57 F. Supp. 3d at 299 (finding four months was too long a period to raise an inference of causation).

Courts have dismissed retaliation claims at the pleading stage where there existed a shorter temporal gap than exists here. In *Altieri v. Albany Pub. Library*, the Second Circuit affirmed the district court's decision to grant a motion to dismiss and held that, "where the complaint shows that the first alleged act of retaliation occurred twenty-one months after plaintiff's protected activity, and where nothing in plaintiff's pleadings, even liberally construed, suggest[s] a plausible scenario of a causal connection between two events occurring so far apart, plaintiff's retaliation complaint must be dismissed." 172 F. App'x 331, 334 (2d Cir. 2006). Similarly, in *Farooq v. City of New York*, the Second Circuit affirmed the dismissal of retaliation claims because it concluded that the "five-month temporal gap [t]here, standing alone, [wa]s insufficient to plead causation." 2022 WL 793117, at *4; *see also Chukwueze v. NYCERS (N.Y. City Emps. Ret. Sys.)*, 891 F. Supp. 2d 443, 457 (S.D.N.Y. 2012) (granting motion to dismiss retaliation claims because temporal gap of six months was "insufficient, standing alone, to establish a causal connection"); *Baez v. Visiting Nurse Serv. of N.Y. Fam. Care Serv.*, No. 10-cv-06210 (NRB), 2011 WL 5838441, at *6 (S.D.N.Y. Nov. 21, 2011) ("Plaintiff here has alleged no facts to directly support a plausible finding of causality, and the year-long gap between the two events far exceeds the normal span of time from which causality may be inferred.").

The cases Plaintiff cites are consistent with the Court's conclusion that Plaintiff has failed to allege causation. *See* Reply at 6-8 (citing cases). In *Batyreva v. N.Y. City Dep't of Educ.*, No. 07-cv-04544 (PAC) (DF), 2008 WL 4344583, at *14 (S.D.N.Y. Sept. 18, 2008), the court found allegations that the *pro se* plaintiff engaged in protected activity "within four to six months" of the retaliation sufficient to raise an inference of causation, but recognized that "'the temporal

10

proximity' between the events might be insufficient to permit an inference of causal connection" in other cases.  Likewise in *Corbett v. Napolitano*, 897 F. Supp. 2d 96, 115 (E.D.N.Y. 2012), the court inferred causation because the plaintiff alleged that he was terminated "shortly after" complaining of discrimination and disparate treatment and other conduct provided "circumstantial evidence of a causal connection."  In contrast, the PSAC alleges a gap of 22 to 40 months between the alleged protected activity and retaliation, and does not allege other facts sufficient to support an inference of causation.

Accordingly, the Court finds that the PSAC fails to adequately allege causation for Plaintiff's Section 1981 retaliation claim.  *See McDowell*, 788 F. Supp. 2d at 81-82.  For the same reasons, the Court finds that the PSAC's NYSHRL and NYCHRL retaliation claims lack the requisite causal connection (in addition to being untimely).  *See Farooq*, 2022 WL 793117, at *4.  Accordingly, amendment to add the retaliation claims would be futile.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file the Second Amended Complaint is DENIED because amendment would be futile.  The Clerk of Court is respectfully directed to terminate ECF No. 38.

Dated: May 3, 2023
          New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[3] Because the Court finds amendment futile for the reasons stated herein, it does not reach Defendant's other arguments in opposition to Plaintiff's motion.